J-A13040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BENNETT WILLIAMS REALTY, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FOUR BROTHERS REAL ESTATE, LLC | : | |
| AND LUCKY SPEROS INC. | : | |
| | : | No. 915 MDA 2022 |
| Appellant | : | |

Appeal from the Order Entered May 31, 2022
In the Court of Common Pleas of York County Civil Division at No(s):
2020-SU-001801

| | | |
|---|---|---|
| BENNETT WILLIAMS REALTY, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FOUR BROTHERS REAL ESTATE, LLC | : | No. 957 MDA 2022 |
| AND LUCKY SPEROS INC. | : | |

Appeal from the Order Entered May 31, 2022
In the Court of Common Pleas of York County Civil Division at No(s):
2020-SU-001801

BEFORE:   BOWES, J., LAZARUS, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY BOWES, J.:      **FILED OCTOBER 11, 2023**

I respectfully dissent.  The learned Majority quashes these appeals from

an order entering judgment against Four Brothers Real Estate, LLC, and Lucky

Speros, Inc. ("Sellers") and in favor of Bennett Williams Real Estate, Inc.

_____

[*] Former Justice specially assigned to the Superior Court.

("Broker") in the amount of $37,643 plus interest upon concluding that there were no issues of material fact and Broker was entitled to judgment as a matter of law on its breach of contract claim. The Majority bases this determination upon its characterization of the appealed-from order as one that granted only partial summary judgment, leaving Broker's quasi-contract claims outstanding. For the reasons explained below, I would: (1) hold the trial court's May 31, 2022 order in fact resolved all claims as to all parties such that we have jurisdiction to entertain the merits of these appeals; (2) affirm that order; and (3) remand for the trial court to entertain Broker's petition for attorney fees.

To recap, Broker filed a three-count complaint alleging that: (1) Sellers breached the Brokerage Agreement by failing to pay the commission and were therefore liable under a breach of contract theory; (2) "[i]n the event that a claim for breach of contract fails, in the alternative, Sellers are liable to Broker under the doctrine of promissory estoppel;" and (3) "[i]n the event that a claim for breach of contract fails, in the alternative, Sellers were unjustly enriched." Complaint, 9/1/20, at 7-10

Broker filed these contract and quasi-contract claims in the alternative because it is axiomatic that a cause of action sounding in quasi-contract "arises only when a transaction is not subject to a written or express contract." *Toppy v. Passage Bio, Inc.*, 285 A.3d 672, 688 (Pa.Super. 2022) (cleaned up). In other words, "the doctrine of quasi-contract, or unjust enrichment, is

inapplicable where a written or express contract exists." ***Ne. Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc.***, 933 A.2d 664, 669 (Pa.Super. 2007) (cleaned up). Where there is a valid agreement, a "claim of unjust enrichment cannot stand." ***Khawaja v. RE/MAX Cent.***, 151 A.3d 626, 633 (Pa.Super. 2016). ***See also US Coal Corp. v. Dinning***, 222 A.3d 431, 440 (Pa. Super. 2019) (holding promissory estoppel claim failed as a matter of law because there was an enforceable agreement).

Consequently, when the trial court determined that Sellers were liable to Broker for breaching the Brokerage Agreement, *ipso facto*, it rendered Broker's quasi-contract claims untenable, both as a matter of law and by virtue of Broker's pleading that they were to be pursued only if the contract claim failed. Hence, the court properly entered a judgment for money damages rather than undertaking further proceedings in the case. While it would have made it plainer that there were no outstanding claims if the court had included in its order an express acknowledgment that the quasi-contract claims were no longer viable and pending, I would not hold that the absence of an express dismissal of those claims made the ruling any less conclusive. In my view, the trial court's order granting summary judgment to Broker on the contract claim and entering judgment for Broker in the amount of $37,643 plus interest was a final, appealable order.

Turning to the merits of these cross-appeals, I would reject Sellers' challenges to the grant of summary judgment in favor of Broker for the

reasons stated by the trial court. *See* Trial Court Opinion, 5/31/22, at 12-13 (explaining that Broker's failure to provide Sellers with a list of all prospective purchasers upon termination of the Brokerage Agreement was not fatal to Broker's claim because Sellers were under contract with the prospective buyer at issue when the Agreement terminated, providing Sellers with the requisite notice contemplated by issuance of the list); *id*. at 13 (detailing the undisputed evidence of the ultimate purchaser's relationship with the prospective buyer secured by Broker was sufficiently close to warrant the payment of the commission). As the court aptly summarized in its Pa.R.A.P. 1925(a) opinion, "[t]he fact that [Sellers] attempted to play a shell game to avoid the payment of the commission did not change the ultimate outcome." Trial Court Opinion, 7/26/22, at 1.

The remaining issue is Broker's cross-appeal challenge to the trial court's failure to award attorney fees as specified in the Brokerage Agreement. The trial court acknowledged Broker's entitlement to them, indicated that it was deprived of jurisdiction to alter its judgment to include them after Sellers appealed, and expressed its intention to award them to Broker, to the extent that they are reasonable, upon presentation of a fee petition. *Id*. at 1. In light of these circumstances, in addition to affirming the judgment that was entered, I would remand to allow the trial court to entertain Broker's fee petition, instructing it to award "all costs incurred by Broker in connection with

[this] action [to collect compensation due under the Agreement], including Broker's reasonable attorney's fees." Brokerage Agreement, 9/6/19, at ¶ 6.

For these reasons, I would resolve these appeals on the merits in Broker's favor rather than quash them as interlocutory.